**ESTATE OF MATTHEW CROOKS.**

No. 9045—Nov. 5, 1879.

JURISDICTION TO CONSTRUE A WILL.—The Probate Court has jurisdiction to construe the language of a will so as to determine the proper persons or classes of persons to whom the estate shall be distributed and the character of the estate or interest such persons or classes of persons are to take therein, the decree of distribution being the charter by which they hold the property, and armed with which, they may apply to a general court of equity for aid or protection.

INTERPRETATION OF WORDS.—The words used in a bequest, " to those of the before mentioned children who have attained the age of twenty-one years," include only those children of such age at testator's death; and those under that age at the date of the death are excluded.

Construing sections, C. C., 1336–7–41; C. C. P., 1665–6.

*W. Matthews*, for executrix and widow.

*M. C. Hassett*, for Samuel.

*Cope & Boyd*, for Mrs. Peel.

The provisions of the will, bearing upon the points in controversy, are:

" I bequeath all my property  *  *  to my wife, Susan Crooks, in trust for our children, namely: Margaret J. Peel, Matthew J., Annie, Susan, Samuel, California, Jackson, Jonathan, Robert L., and Ida O. Crooks, subject to the following conditions: That out of the income of the estate, my wife will pay all taxes, assessments, debts, and current expenses, maintain and educate our before-mentioned children; that she will pay, after my decease, the sum of five thousand dollars, in gold coin, to those of the before-mentioned children who have attained the age of twenty-one years. It is my wish and desire that none of my property be sold or disposed of in any other way than by lease, until my youngest surviving child shall be twenty-one years of age."

The wife is to have the management of the estate during her life, and upon her decease or disability, " a majority of the surviving heirs who have attained the age of twenty-one years," are to carry out the trust. Upon the death of the wife, and after the youngest surviving child shall have attained the age of twenty-one years, the estate shall be divided among the surviving heirs, share and share alike, the children of a deceased child to take the share of such deceased child. The executors may sell a part of the unproductive estate, should it be desirable, before the final distribution, but none of the productive.

The will was made December 28, 1875; testator died February 24, 1879; and the will was probated March 26, 1879.

At the date of the will, three of the children, Margaret J., Matthew J., and Annie, were over twenty-one; Susan attained twenty-one before her father's death; Samuel became twenty-one, August 21, 1879; the other five are still below twenty-one; the youngest, Ida O., being nearly seven.

Annie died subsequently to testator's death, leaving a husband surviving. The daughter Susan is now Mrs. Gonzales.

At the date of the will, the property of testator was of the value of about $800,000, yielding a monthly income of about $5,000. The estate is now appraised at $616,000, yielding a monthly income of about $4,000. During the life of Mr. Crooks, he maintained the children, as well adults as minors. None have independent means of support, except Mrs. Gonzales, whose husband is wealthy.

Mrs. Crooks, executrix, files her petition, praying that the Court construe the will, and decree to which of said children the testator intended to give said legacies of five thousand dollars, and that she be directed to pay the said legacies of five thousand dollars to such of the said children as may be entitled thereto.

Mrs. Peel objects, that this Court has no jurisdiction to construe the will; that this Court should distribute the estate to Mrs. Crooks, in trust, as specified in the will; that a court of equity alone has jurisdiction to construe the will and ascertain the intention of the testator.

Samuel Crooks appeared, and argued that by a proper construction of the will, the testator intended that each of said children, whether adult or minor, should have five thousand dollars, leaving the residue to be managed as directed by the will. He also produced a stipulation of all the adult children that that sum should be paid to him.

By the Court: By the law of this State, the Probate Court is a court created by the Constitution, and has jurisdiction over matters relating to the settlement of the estates of deceased persons; among other matters, "to distribute the residue of the estate * * among the persons who by law are entitled thereto." (Sec. 1665, C. C. P.) If a trust is attempted to be created, this Court must determine how far the attempt is successful, what is the trust, who is the trustee, and who are the beneficiaries, and distribute accordingly. The decree of distribution, founded upon the will, is the warrant or charter of the trustees, and by it, the objects and purposes of the trust are expressed. Its subsequent

enforcement is quite a different matter. (See estate of W. C. Hinckley, in this Volume, p. 189.)

It is therefore for this Court to determine whether each of said children is to have five thousand dollars, and if less than all, who are to take.

At the date of the will, three of the children were twenty-one; and another attained that age before testator's death. The remaining six were under twenty-one at his death.

The Civil Code provides as follows:

Sec. 1336. Words in a will referring to death or survivorship, simply, relate to the time of the testator's death, unless possession is actually postponed, when they must be referred to the time of possession.

Sec. 1337. A testamentary disposition to a class includes every person answering the description at the testator's death; but when the possession is postponed to a future period, it includes also all persons coming within the description before the time to which possession is postponed.

The general principle of law is that there is a continuous publication of the will from the time of its execution to the death of the testator; which is in harmony with the Sec. 1336. The will provides that the trustee shall pay "after my decease," five thousand dollars "to those of the before mentioned children who have attained the age of twenty-one years." The words "those of" and "who have attained" are words of discrimination; they evidently refer to a class. It was urged on the argument that the testator intended that each child, from the eldest to the youngest, as he attained twenty-one years, should have the amount; but I cannot see that such a construction would be consistent with the words used. This is not a case of doubtful meaning or ambiguity; but the testator himself used words which in themselves imply a discrimination. Those who were to have the five thousand dollars were to have it "after my decease;" that is, as soon as it could be paid. There is no postponement of possession to a future period, as referred to in the foregoing sections.

It therefore follows that the children who were of the age of twenty-one years, at the death of testator, will be entitled to receive from the trustee the sum of five thousand dollars each, and that those who were then under that age will not be entitled thereto.

Let a decree of partial distribution be drawn, distributing to Mrs. Susan Crooks twenty thousand dollars in trust, to pay as follows:

To Margaret J. Peel, five thousand dollars; to Matthew J. Crooks, five thousand dollars; to the heirs of Annie, now deceased, (viz: one-half to her surviving husband and the other half in equal shares to her mother, brothers, and sisters,) five thousand dollars; and to Mrs. Susan Gonzalez, five thousand dollars.

As Mrs. Crooks has heretofore made advances to some of said children, the amounts of such advances will be deducted respectively.